[Civ. No. 12894. Third Dist. Mar. 17, 1971.]

STATE OF CALIFORNIA et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
A. H. ROBINS COMPANY, INC., Real Party in Interest.

**COUNSEL**

Thomas C. Lynch, Attorney General, and John Fourt, Deputy Attorney General, for Petitioners.

No appearance for Respondent.

Landels, Ripley & Diamond and Edgar B. Washburn for Real Party in Interest.

**OPINION**

BRAY, J.*—Petitioners seek writ of prohibition to restrain the Sacramento County Superior Court from enforcing its order granting post-administrative hearing discovery to real party in interest, A. H. Robins Company, Inc. (hereinafter "Robins"), and directing petitioners Brian and Pennebaker to answer questions.

### QUESTIONS PRESENTED

1. Is this an appropriate proceeding for the issuance of the writ of prohibition?

2. Does post-administrative hearing discovery lie?

3. Does Robins have an administrative remedy?

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

Petitioner Earl W. Brian, Jr., M.D., is the Director of Health Care Services of the State of California, and petitioner George Pennebaker is the Pharmaceutical Program Coordinator of the State Department of Health Care Services, and as such are employed by the State of California.

Robins is engaged in the manufacture and sale of pharmaceutical products and manufactures and sells a number of prescription drugs, ten of which are listed in the California Medical Assistance Program Formulary.

On August 26, 1969, Robins filed its complaint for declaratory relief and for injunction in the Sacramento County Superior Court against Spencer Williams and Carel E. H. Mulder, Brian's predecessor, alleging that section 14053.5 of the Welfare and Institutions Code* was unconstitutional and praying that petitioners be enjoined from enforcing its provisions against Robins.

At the hearing of the motion for preliminary injunction, it was stipulated that the cause be administratively heard under the Administrative Procedures Act before Director Brian, and that no administrative action would be taken against Robins pending the exhaustion of Robins' administrative remedy. Pursuant to the stipulation the court entered its order staying proceedings and enjoining action against Robins until after the completion of the administrative proceedings and review thereof by the court, if review were sought. An administrative hearing was held and Director Brian adopted the proposed decision of the hearing officer which found (1) that Robins' marketing practices violated section 14053.5, and (2) declared that 10 specified Robins' prescription drug products were ineligible for purchase under the medical assistance program. Robins elected not to amend its complaint in the action before mentioned but filed a second complaint in the same court to obtain judicial review of the administrative disciplinary decision. The two actions were consolidated and a court order issued staying the effective date of the administrative decision against Robins pending the entry of final judgment in the consolidated actions.

Thereafter Robins gave notice of taking the depositions of petitioners Brian and Pennebaker. At the time and place set, said petitioners appeared but on advice of their attorney declined to answer certain oral questions on the ground that Robins was not entitled to post-administrative hearing

---

*Section 14053.5 of the Welfare and Institutions Code prohibits the state from purchasing prescription drug products for beneficiaries of the California Medical Assistance Program if the drug manufacturer, (1) charges for its drug products discriminatory prices, or (2) discriminates between different classes of providers of prescription services, as such discriminatory prices and practices are defined in the section.

discovery and did not show that the evidence sought to be discovered could not have been produced at the administrative hearing.

Robins thereupon moved the superior court for an order granting Robins discovery against petitioners and requiring that certain questions be answered. The order was granted. Petitioners now seek an order restraining the superior court from enforcing that order.

Petitioners contend that superior court review of the decision of the director of health care services is limited to an examination of the administrative record of proceedings before the director for two reasons: (1) that section 14123 of the Welfare and Institutions Code provides that administrative disciplinary proceedings against providers of services and supplies to the medical assistance program shall be governed by the Administrative Procedure Act (Gov. Code, § 11500 et seq.) which provides that review in a superior court is confined to the record of administrative proceedings, and that any review of the proceedings is governed by section 1094.5 of the Code of Civil Procedure; and (2) that Robins is estopped by its stipulation that the matter be administratively heard under the act from asserting it can obtain in the superior court a complete de novo review of the administrative decision.

1. Prohibition.

■ The order granting discovery and requiring petitioners to answer questions is not appealable. Hence, if it could only be reviewed on appeal from the final judgment entered in the main actions herein or from a judgment for contempt for failing to answer the questions propounded, the determination of the question as to whether post-administrative hearing discovery will lie herein would be unduly delayed and manifestly inadequate.
■ Generally prohibition is used to test the validity of orders *denying* discovery, and "absent a showing by the petitioner that a substantial interest will be impaired by the discovery, the liberal policies of the discovery rules will generally counsel against overturning the trial court's decision granting discovery." (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 171 [84 Cal.Rptr. 718, 465 P.2d 854].) In *Holm* v. *Superior Court* (1954) 42 Cal.2d 500 [267 P.2d 1025], prohibition was issued restraining the enforcement of a superior court order for inspection of certain documents on the ground that the order was not appealable and violated the attorney-client privilege. In *Pacific Tel. & Tel. Co., supra,* at page 169, the court said, "the prerogative writs should only be used in discovery matters to review questions of first impression that are of general importance to the trial courts and to the profession, and where general guidelines can be laid down for future cases." ■ The question of whether post-administrative

hearing discovery may be ordered by the court is one of first impression and of general importance to the trial courts and the professions. Thus, it is important to determine whether by discovery additional matter may be added to the administrative record and thus turn the court proceeding into one de novo.

2. The order for administrative hearing.

■ In the context of petitioners' complaint we proceed to examine the court order providing for the administrative hearing. First we examine the complaint. It seeks to have it declared (1) that Robins' sales policy does not violate Welfare and Institutions Code section 14053.5; (2) that that section does not apply to Robins; (3) that that section is unconstitutional; and (4) that enforcement against Robins of the section should be enjoined.

At the time of the filing of the complaint the director of health care services had sought, without a hearing, to remove Robins' products from the formulary.

At the hearing of the motion for preliminary injunction, the following order was made by the court. It stated in pertinent part: "1. *The Court shall retain jurisdiction over this matter* and it shall be continued generally to a time convenient to the Court and counsel *on the condition that administrative hearings* will be afforded A. H. Robins Company to determine the following issues:

"(a) Whether or not Sections 14053.5 and 14053.6 of the Welfare and Institutions Code apply to plaintiff;

"(b) Whether said sections are constitutional;

"(c) Whether or not plaintiff is in violation of said sections;

"(d) Whether Robins' drug products sought to be removed from the Medi-Cal Formulary are vital to the Medi-Cal program; .

"(e) Whether plaintiff's drug products sought to be removed from the Medi-Cal Formulary are drugs for which there are acceptable substitutes.

"2. The administrative hearings referred to above shall be conducted in accordance with the provisions of the California Administrative Procedure Act. . . ." (Italics added.)

The order further provided that no action should be taken to remove from the Medi-Cal Formulary any Robins' products pending final judicial review of the decision of the hearing officer, if such review were sought, and that application could be made to the court to maintain the status quo should

any problems arise with respect to removal of Robins' products from the formulary prior to final determination of the matter.

Robins contends that by the language, "The Court shall retain jurisdiction over this matter," the court was providing for a full de novo review of whatever order should come out of the administrative hearing. This is a wrong interpretation of the order. In the first place, in providing that such hearing should be conducted in accordance with the provisions of the California Administrative Procedure Act, any review of the proceedings is governed by section 1094.5 of the Code of Civil Procedure. Thus, there is now before the court, as prayed for in the complaint, the determination of whether as shown by the record Robins' sales policy violates section 14053.5; whether the section applies to Robins in view of its activities as shown by the record; and whether the section is unconstitutional as claimed by Robins. There is no room for a de novo hearing of matters which could have been considered in the administrative proceedings.

The purpose of the court's retaining jurisdiction was to protect Robins against removal of its products from the formulary prior to final determination of the validity of its actions, and for review by the court of the administrative determination, if such review were required.

Not only does the order referring the controversy to administrative proceedings upon stipulation of the parties show that the controversy was to be determined under the Administrative Act, but the discussion between court and counsel before the stipulation was made clearly shows that the court review of the administrative determination contemplated by the parties was that provided by law for a review of the actions of a statewide administrative agency of the type here.

The court first stated that if the parties were to stipulate to an administrative hearing, the test to be applied to the court's review of the administrative determination would, in its opinion, be that of an independent view of the evidence and not that of the substantial evidence rule. Just before the stipulation was entered into, the court said to Robins' counsel: "I just feel as sure as I could be that you would have a limited trial de novo" (referring to the review that could be had of the administrative determination that would be made at the hearing). The court then added that it had a "commitment" to give Robins that type of review.

The administrative hearing was initiated by an accusation before the director of department of health care services by the pharmaceutical program coordinator of that department, charging Robins with violations of section 14053.5, and praying that the director order the removal of listed Robins' products from the California Medical Assistance Program

Formulary. It is difficult to understand how a proceeding initiated by an accusation could be considered, as claimed by Robins, a mere reference. To so hold would be to ignore completely the court's characterization of the type of review of the administrative determination it was "committed" to render, the stipulation of the parties (the parties are bound by their stipulation: *Vitale* v. *City of Los Angeles* (1936) 13 Cal.App.2d 704, 706 [57 P.2d 993]; *Thomson* v. *Casaudoumecq* (1962) 205 Cal.App.2d 549, 553 [23 Cal.Rptr. 189]), and the order providing for the administrative proceeding.

■ In reviewing, as in the present case, the decision of a statewide administrative agency with statutory, not constitutional, authority to deprive persons of some "vested interest," the court exercises its independent judgment and may substitute its judgment for that of the agency if the court determines that the findings are not supported by the weight of the evidence. (See *Standard Oil Co.* v. *State Board of Equal.* (1936) 6 Cal.2d 557 [59 P.2d 119]; *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67 [64 Cal.Rptr. 785, 435 P.2d 533].) There is a "limited trial de novo" (the very type of trial the court said it had a commitment to give) in that section 1094.5 of the Code of Civil Procedure precludes the introduction of evidence which the proponent neglected to offer before the administrative agency. (*Wilke & Holzheiser, Inc.* v. *Dept. of Alcoholic Bev. Control* (1966) 65 Cal.2d 349, 377 [55 Cal.Rptr. 23, 420 P.2d 735].) To allow such evidence there must be a showing of why the evidence could not have been made a part of the record at the administrative level.

". . . Section 1094.5, subdivision (d), of the Code of Civil Procedure permits the trial court to admit relevant evidence *not adduced before the administrative agency only* where such evidence could not have been produced there in the exercise of reasonable diligence." (*Barkin* v. *Board of Optometry* (1969) 269 Cal.App.2d 714, 719 [75 Cal.Rptr. 337].) (Italics added.)

■ Robins made no showing in the trial court that the evidence sought by discovery was improperly excluded or that the evidence could not, with the exercise of reasonable diligence, have been produced at the administrative hearing. Therefore, the order granting discovery should not have issued, and the trial court must be restrained from enforcing its order.

Most of the questions sought to be asked by respondent in the discovery proceeding deal with the mental processes of the director of health care services in arriving at his decision. It is very doubtful if, even assuming that post-administrative hearing discovery would lie, such questions are proper, any more than it would be proper to seek to learn the mental processes by which a judge arrives at his decisions. (See *United States* v.

*Morgan* (1941) 313 U.S. 409, 422 [85 L.Ed. 1429, 1435, 61 S.Ct. 999]; *Chicago B. & Q. R. Co.* v. *Babcock* (1907) 204 U.S. 585 [51 L.Ed. 636, 27 S.Ct. 326].) However, in view of our decision that discovery will not lie here, it is unnecessary for us to consider the matter further.

3. Administrative remedy.

In answer to petitioners' contention that respondent failed to exhaust its administrative remedy it appears that at the time Robins filed this action for declaratory relief, and the superior court had taken jurisdiction, no relief other than application to the court was open to it. Section 14123 of the Welfare and Institutions Code, which provides the administrative procedure for suspension of a provider of service from further participation under the medical assistance program, was enacted by Statutes 1969, chapter 994, section 2, effective November 9, 1969. The complaint in this action was filed August 26, 1969, and on October 27, the trial court entered its order retaining jurisdiction. Thus Robins' only procedure for relief was through the court. (See *Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 544 [63 Cal.Rptr. 21, 432 P.2d 717]; *Alta-Dena Dairy* v. *County of San Diego* (1969) 271 Cal.App.2d 66, 73 [76 Cal.Rptr. 510].)

Although this is a declaratory relief action and possibly could have been tried without an administrative hearing being provided, the parties stipulated that an administrative hearing be had, conducted in accordance with the provisions of the California Administrative Procedure Act. Robins, by reason of its stipulation, is estopped to deny that an administrative remedy was provided it. As agreed, the case was tried on written administrative charges filed against Robins by the director of health care services. To hold that Robins is not so estopped means that the six days of administrative hearing was a nullity and waste of time.

Let a writ issue restraining the Sacramento County Superior Court from enforcing its order granting post-administrative hearing discovery to real party in interest, Robins, and directing petitioners Brian and Pennebaker to answer questions.

Pierce, P. J., and Regan, J., concurred.