[Civ. No. 37679. First Dist., Div. Four. Apr. 26, 1976.]

RICHARD DAVIS, Plaintiff and Respondent, v.
CALIFORNIA COASTAL ZONE CONSERVATION COMMISSION,
Defendant and Appellant.

## Counsel

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Roderick Walston and Daniel J. Taaffe, Deputy Attorneys General, for Defendant and Appellant.

James A. Kennedy and Stephen J. Kennedy for Plaintiff and Respondent.

## Opinion

**CHRISTIAN, J.**—The California Coastal Zone Conservation Commission appeals from a judgment which mandated it to grant an application by respondent Richard Davis for a permit to build a residence on property which lies within the coastal zone (Pub. Resources Code, § 27100).

On May 7, 1974, respondent applied to the regional Coastal Zone Conservation Commission, Central Coast Region ("Regional Commission") for a permit to allow construction of a single family residence on a 2.32-acre parcel in Del Monte Forest. After a hearing, the Regional Commission made findings and denied the permit application. Respondent appealed to the California Coastal Zone Conservation Commission ("State Commission"), but the State Commission determined that no substantial issue was raised by the appeal and declined to hear it. Respondent then sought review in the superior court, and obtained a judgment directing the State Commission to issue a permit.

Appellant State Commission contends that the judgment mandating it to issue a permit was erroneous because respondent's petition stated no cause of action against the State Commission and because the writ would require the State Commission to act in excess of its jurisdiction: the petition named only the State Commission, and not the Regional Commission, as the responding party; and the writ directs the State Commission to issue a permit to authorize respondent to build upon his property.

The six regional coastal commissions are charged with the responsibility of determining whether permits authorizing development within the coastal zone "permit area" should issue. (Pub. Resources Code,

§§ 27104, 27201, 27400.)[1] Regional Commission action upon a permit application becomes final 10 working days after the decision is rendered unless an appeal is filed within that time period. (§ 27420, subd. (c).)[2] Applicants or other aggrieved persons may appeal to the State Commission. (§ 27423, subd. (a).) On such an appeal, the State Commission may affirm, reverse, or modify the Regional Commission's decision, but prior to such action the State Commission is required to hold a de novo public hearing. (§ 27423, subds. (b), (c).) Alternatively, the State Commission may decline to hear an appeal if it finds that no substantial issues are presented by the appeal. (§ 27423, subd. (c); Cal. Admin. Code, tit. 14, § 13920.) If the State Commission declines to hear the appeal, the Regional Commission's decision becomes final immediately. (Cal. Admin. Code, tit. 14, § 13934;[3] see § 27240, subd. (d) [authorizing the commissions to adopt reasonable and necessary regulations].) If the State Commission fails to act within 60 days of the notice of appeal from the Regional Commission's decision, the Regional Commission's decision becomes final. (§ 27423, subd. (b).)

In addition to the provisions for administrative appeal, there is a provision for judicial review:

"Any person, including an applicant for a permit, aggrieved by the decision or action of the commission or regional commission shall have a right to judicial review of such decision or action by filing a petition for a writ of mandate . . . *in accordance with the provisions of Chapter 2, (commencing with* Section 1084) *of Title 1 of Part 3* of the Code of Civil Procedure, within 60 days after such decision or action has become final." (§ 27424.)

■ In the present case, the relief sought by the petition, and granted by the court in issuing the writ of mandate, did not require the State Commission to entertain the appeal; the judgment went further and required the State Commission to issue a development permit. Before the State Commission may act in any manner upon an appeal of a

---

[1]All code references will be to the Public Resources Code unless otherwise noted.

[2]Public Resources Code section 27420, subdivision (c):

"The regional commission shall act upon an application for permit within 60 days after the conclusion of the hearing and such action shall become final after the 10th working day unless an appeal is filed within that time."

[3]California Administrative Code, title 14, section 13934: "If the Commission declines to hear an appeal pursuant to Division 18 of the Public Resources Code and these regulations, the action of the Regional Commission shall become final forthwith."

regional commission's action on a permit application, the State Commission is required to hold a de novo public hearing upon the application. (§ 27423, subd. (c).) If the State Commission were to proceed to issue a development permit without such a prior hearing, it would be acting in excess of its statutory authority. The only remedy against the State Commission where it declines to hear an appeal is a judicial direction to hear the appeal and, after hearing the appeal, to exercise its discretion in the manner directed by the statutes.[4] Instead, the relief granted by the trial court directed the State Commission to issue a development permit without first holding a de novo public hearing on the permit application and without having an opportunity to make the findings required by the Act. Mandate does not lie to compel performance of an act contrary to law; therefore it was improper to render judgment for issuance of a writ of mandate to compel the State Commission to grant a development permit. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 66, p. 3844.)

Respondent asserts that the State and Regional Commissions are not independent entities, so that by naming the State Commission as the responding party in the petition for writ of mandate, respondent also effectively stated a cause of action against the Regional Commission. But the petition did not seek, and the judgment did not grant, any relief against the Regional Commission. Respondent chose to seek a writ of mandate against the State Commission, and the only relief available against the State Commission by way of mandate was a direction that it hear the appeal pursuant to the procedures provided by section 27423, subdivision (c).

It might be thought appropriate for this court to modify the judgment to provide for a proper direction to the State Commission to entertain the appeal. But, as we shall see, the record would not have supported such an order by the trial court; therefore, this court should not direct the State Commission to take jurisdiction.

■ A preliminary question is whether coastal commission action on permit applications is quasi-legislative, and therefore to be upheld

---

[4] No permit may be issued unless the Commission first finds: "(a) That the development will not have any substantial environmental or ecological effect [and] (b) That the development is consistent with the findings and declarations set forth in Section 27001 [the policy of the California Coastal Zone Conservation Act of 1972] and with the objectives set forth in Section 27302 [the objectives of the Act]." (§ 27402; see also § 27423. subd. (c).)

unless determined to be arbitrary, or quasi-judicial, and therefore to be upheld unless determined to be unsupported by substantial evidence. ■ "Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts." (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, n. 2 at p. 35 [112 Cal.Rptr. 805, 520 P.2d 29]; *Quinchard* v. *Board of Trustees* (1896) 113 Cal. 664, 670 [45 P. 856]; *City Council* v. *Superior Court* (1960) 179 Cal.App.2d 389, 393 [3 Cal.Rptr. 796].) "Whenever an act undertakes to determine a question of right or obligation, or of property, as the foundation upon which it proceeds, such act is to that extent a judicial one, and not the proper exercise of legislative functions." (*Wulzen* v. *Board of Supervisors* (1894) 101 Cal. 15, 24 [35 P. 353], quoting *Sinking-Fund Cases* (1878) 99 U.S. 700, 761 [25 L.Ed. 504, 516]; *People* v. *Oakland Board of Education* (1880) 54 Cal. 375, 376.) The procedural characteristics of an administrative process do not necessarily determine whether that process is quasi-judicial or quasi-legislative. (*Rivera* v. *Division of Industrial Welfare* (1968) 265 Cal.App.2d 576, 586-587 [71 Cal.Rptr. 739]; *Wilson* v. *Hidden Valley Mun. Water Dist.* (1967) 256 Cal.App.2d 271, 279 [63 Cal.Rptr. 889]; *City Council* v. *Superior Court, supra,* 179 Cal.App.2d at p. 393.) ■ The State and Regional Commissions perform two functions: both are involved in the preparation of the California Coastal Zone Conservation Plan for submission to the Legislature for its eventual adoption and implementation of the plan (§§ 27300, 27320); both the State and Regional Commissions are involved in the granting or denying of applications for development permits, the Regional Commissions in the first instance, and the State Commission upon any appeal. (§§ 27400, 27420, 27423.) The planning function entails the formulation of rules, by way of planning for future uses of the coastal zone, to be applied in all future cases; it is thus quasi-legislative. The permit-issuing function, on the other hand, involves an ad hoc determination upon each application "(a) That the development will not have any substantial adverse environmental or ecological effect" and "(b) That the development is consistent with the findings and declarations set forth in Section 27001 and with the objectives set forth in Section 27302." (§ 27402; see § 27423, subd. (c).) Section 27001 states the general state policy with regard to use of the coastal zone[5] and section 27302 provides the objectives of the

---

[5]Public Resources Code section 27001:

"The people of the State of California hereby find and declare that the California coastal zone is a distinct and valuable natural resource belonging to all the people and existing as a delicately balanced ecosystem; that the permanent protection of the

Coastal Zone Plan.[6] Action upon permit applications is adjudicatory or quasi-judicial; it involves the application of presently existing rules, although broadly stated, to specific sets of existing facts. The Supreme Court and several Courts of Appeal have assumed this characterization of the permit function in entertaining actions under Code of Civil Procedure section 1094.5 for review of permit and exemption decisions. (See, e.g., *Urban Renewal Agency* v. *California Coastal Zone Conservation Com.* (1975) 15 Cal.3d 577 [125 Cal.Rptr. 485, 542 P.2d 645]; *State of California* v. *Superior Court* (1974) 12 Cal.3d 237 [115 Cal.Rptr. 497, 524 P.2d 1281]; *Aries Dev. Co.* v. *California Coastal Zone Conservation Com.* (1975) 48 Cal.App.3d 534 [122 Cal.Rptr. 315]; *Transcentury Properties, Inc.* v. *State of California* (1974) 41 Cal.App.3d 835 [116 Cal.Rptr. 487].)

■ Appellant State Commission argues that the trial court improperly exercised an independent judgment review of the evidence in this case, and respondent rejoins that such review was proper, claiming that he has a fundamental vested right to develop his property (citing

remaining natural and scenic resources of the coastal zone is a paramount concern to present and future residents of the state and nation; that in order to promote the public safety, health, and welfare, and to protect public and private property, wildlife, marine fisheries, and other ocean resources, and the natural environment, it is necessary to preserve the ecological balance of the coastal zone and prevent its further deterioration and destruction; that it is the policy of the state to preserve, protect, and, where possible, to restore the resources of the coastal zone for the enjoyment of the current and succeeding generations; and that to protect the coastal zone it is necessary:

"(a) To study the coastal zone to determine the ecological planning principles and assumptions needed to ensure conservation of coastal zone resources.

"(b) To prepare, based upon such study and in full consultation with all affected governmental agencies, private interests, and the general public, a comprehensive, coordinated, enforceable plan for the orderly, long-range conservation and management of the natural resources of the coastal zone, to be known as the California Coastal Zone Conservation Plan.

"(c) To ensure that any development which occurs in the permit area during the study and planning period will be consistent with the objectives of this division.

"(d) To create the California Coastal Zone Conservation Commission, and six regional coastal zone conservation commissions, to implement the provisions of this division."

[6]Public Resources Code section 27302:

"The coastal zone plan shall be consistent with all of the following objectives:

"(a) The maintenance, restoration, and enhancement of the overall quality of the coastal zone environment, including, but not limited to, its amenities and aesthetic values.

"(b) The continued existence of optimum populations of all species of living organisms.

"(c) The orderly, balanced utilization and preservation, consistent with sound conservation principles, of all living and nonliving coastal zone resources.

"(d) Avoidance of irreversible and irretrievable commitments of coastal zone resources."

*Strumsky* v. *San Diego County Employees Retirement Assn., supra,* 11 Cal.3d 28). A developer who claims to be exempt from the Coastal Zone Conservation Act permit requirements by reason of a vested right to develop the property must claim exemption on that basis. (Cal. Admin. Code, tit. 14, § 13700 et seq.) Where the developer fails to seek such a determination but instead elects to apply only for a permit, he cannot later assert the existence of a vested right to development, i.e., the developer waives his right to claim that a vested right exists. (*State of California* v. *Superior Court, supra,* 12 Cal.3d 237, 248-250, 252.) There is no evidence that respondent ever sought a determination from the Regional Commission that he had a vested right to develop his property. Indeed, the record indicates respondent had no vested right to develop his property. No vested right exists to develop property within the coastal zone permit area unless the developer either has obtained a building permit and diligently commenced construction and performed substantial work on the development prior to November 8, 1972 (§ 27404), or has obtained a building permit and in good faith reliance thereon commenced actual construction of the structures authorized by the permit before February 1, 1973. (*San Diego Coast Regional Com.* v. *See the Sea, Limited* (1973) 9 Cal.3d 888 [109 Cal.Rptr. 377, 513 P.2d 129].) Landowners have no vested rights in any particular use of their property unless the restrictions on the use of the property constitute an uncompensated taking (directly or indirectly) or damaging of the property. (See *HFH LTD.* v. *Superior Court* (1975) 15 Cal.3d 508, 516, 518 [125 Cal.Rptr. 365, 542 P.2d 237].) Because the requirement for a development permit within the coastal zone permit area is an interim measure to assure that developments in the coastal zone are consistent with the objectives of the Act (and this requirement as it currently exists will be repealed automatically as of Jan. 1, 1977 [see § 27650]), the denial of a permit does not constitute a taking of property for public use without compensation. (*State of California* v. *Superior Court, supra,* 12 Cal.3d 237, 253-255.) Therefore, respondent had neither a vested right to develop property in a particular fashion nor, on the facts of this case, a vested right to exemption from the permit requirement for development within the coastal zone permit area; the trial court should have determined only whether substantial evidence supported the agency's findings.

██ Where the right affected by the administrative action is not vested, and the scope of review of that action on a petition for writ of mandate is limited to a determination of whether substantial evidence supports the agency action, the trial and appellate courts perform

identical functions. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 915-916 [80 Cal.Rptr. 89, 458 P.2d 33].) ■ The Regional Commission found that the proposed development would have substantial adverse environmental and ecological effects and therefore would not meet the requirements of section 27402. This determination was predicated upon findings that the fragment of primeval Monterey cyprus forest which is preserved on respondent's property is of great value to the area and will be damaged by the proposed development. Further, the Regional Commission found that the proposed development would result in the partial destruction of an archeological site. There is substantial evidence in the administrative record supporting these findings. The same evidence supports the State Commission's determination that no substantial issue was presented by respondent's appeal. Therefore, mandate is not available to overturn the State Commission's action in refusing to hear the appeal. (Code Civ. Proc., § 1094.5, subd. (c).)

The judgment is reversed with directions to render judgment in favor of appellant.

Caldecott, P. J., and Rattigan, J., concurred.


A petition for a rehearing was denied May 17, 1976, and respondent's petition for a hearing by the Supreme Court was denied June 24, 1976.