Filed 4/2/21  P. v. Knight CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077877 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR46053) |
| CLARENCE KNIGHT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Clarence Knight, in pro. per.; and Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1979, a jury convicted Clarence Knight of first degree murder (Pen. Code,[1] § 187).  The jury also found Knight personally used a firearm in the commission of the offense.  Knight was sentenced to an indeterminate term of 25 years to life, consecutive to various other convictions.

---

[1]     All further statutory references are to the Penal Code.

Knight appealed his conviction and this court affirmed in a published opinion filed October 17, 1980.  (*People v. Knight* (1980) 111 Cal.App.3d 201 (*Knight*).)

In 2019, Knight filed a pro. per. petition for resentencing under section 1170.95.  The court appointed counsel and obtained briefing from the parties.  After considering the briefing, the record of conviction, and the prior opinion of this court, the trial court determined Knight was the actual killer and thus, had not demonstrated prima facie showing of eligibility under section 1170.95.  The court denied the petition by written order.

Knights filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Knight the opportunity to file his own brief on appeal.  Knight has responded with a supplemental brief.  We will discuss his brief below.

## STATEMENT OF FACTS

The facts of the 1979 crime are set forth in our prior opinion.  The opinion recites that Knight shot and killed the victim and confessed.  (*Knight, supra*, 111 Cal.App.3d 201.)  We will not repeat the facts here.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  Counsel has not identified the possible issues that were considered in evaluating the merits of this appeal.  To that extent, counsel has not complied with the mandate of *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Counsel does argue the *Wende* procedure should be used to process no merit appeals from denial of

2

postconviction petitions such as in this case. Since we are applying *Wende* standards to this review we do not need to address the arguments concerning the applicability of the *Wende* process.

Although counsel has failed to comply with *Anders*, there has been no prejudice to Knight and our review of the record has not been hindered. The record is straightforward and demonstrates that Knight, as the actual killer, is statutorily ineligible for relief under section 1170.95.

Knight submitted a supplemental letter brief. In that brief, Knight discusses the facts of his 1979 trial. He recites some of the facts from his perspective. He acknowledges he confessed to being the killer, but it was not true. Knight was protecting the codefendant. He argues that under his version of the facts a jury could not convict him as the actual killer should there be another trial.

This appeal is not from the trial and we have already affirmed the conviction in our prior opinion. Nothing on Knight's submission raises any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Knight on this appeal.

DISPOSITION

The order denying appellant's petition for resentencing under section 1170.95 is affirmed.


                                                        HUFFMAN, J.

WE CONCUR:



BENKE, Acting P. J.



O'ROURKE, J.