TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-412 |
| of | : | |
| | : | September 29, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE STATE BOARD OF EQUALIZATION has requested an opinion on the following questions:

1.	Do members of the public have the right to address the State Board of Equalization at a taxpayer's appeal hearing?

2.	May an employee of a public agency address the State Board of Equalization on behalf of the agency at a taxpayer's appeal hearing?

CONCLUSION

1.	Members of the public have the right to address the State Board of Equalization at a taxpayer's appeal hearing.

2.	An employee of a public agency may address the State Board of Equalization on behalf of the agency at a taxpayer's appeal hearing.

ANALYSIS

The composition and duties of the State Board of Equalization ("Board") are found in the Constitution (Cal. Const., art XIII, §§ 17, 19) and various statutes (see, e.g., Gov. Code, §§ 15600-15646). **Footnote No. 1** Among the statutory schemes applicable to the Board is the Bagley-Keene Open Meeting Act (§§ 11120-11132; "Act"). The Act not only requires meetings of state agencies to be open to the public (§ 11123) and appropriately noticed (§ 11125), but also affords the public the right to address the state body. Subdivision (a) of section 11125.7, the focus of this opinion, provides:

"Except as otherwise provided in this section, the state body shall provide an opportunity for members of the public to directly address the state body on each agenda item before or during the state body's discussion or consideration of the item. . . ."

We are asked whether members of the public are entitled to address the Board at a taxpayer's appeal hearing. Also, is a public employee entitled to address the Board on behalf of his or her public employer under the terms of section 11125.7? We conclude affirmatively to both questions.

1.        Rights of Members of the Public

Subdivision (a) of section 11125.7 begins with the phrase "Except as otherwise provided in this section . . . ." Section 11125.7 specifically exempts from its requirements adjudicatory proceedings held under the Administrative Procedure Act (§ 11125.7, subd. (d)), specified hearings of the Board of Control (§ 11125.7, subd. (e)), and certain adjudicatory hearings of the Public Utilities Commission (§ 11125.7, subd. (f)), among others.

A taxpayer's appeal hearing is essentially adjudicatory in nature. Nevertheless, the Legislature has not created a specific exemption in section 11125.7 for such hearings. Are the hearings entitled to an implied exemption?

In answering this question, we rely on well established principles of statutory construction. We are to interpret statutes so as to effectuate the intent of the Legislature. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724.) "In so doing we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) The words of a statute are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) When "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73.) The plain meaning of words in a statute may be disregarded only when that meaning is "`repugnant to the general purview of the act,' or for some other compelling reason. . . ." (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 219.)

The language of Section 11125.7 requires every state body "except as otherwise provided in this section" to "provide an opportunity for members of the public to directly address the state body on each agenda item before or during the state body's discussion or consideration of the item." No exception is applicable to the Board's hearing processes. **Footnote No. 2** The Board's hearings are not conducted pursuant to the provisions of the Administrative Procedure Act. (§ 15609.5.) The fact that the Legislature did not specifically exempt adjudication hearings of the Board from the public comment requirement suggests the application of the following doctrine: "Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary." (*Sierra Club* v. *State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230.)

We recognize that only the parties to an adjudicatory proceeding normally have the right to present evidence or call witnesses. The regulations of the Board conform with that concept with respect to taxpayer appeal hearings. Title 18, California Code of Regulations, section 5070, subdivision (d), **Footnote No. 3** defines "party" to include the taxpayer, the taxpayer's representative, and the appropriate tax department that rendered the decision under appeal. The Board's hearing procedures permit only the parties to present evidence or call witnesses. (Reg. 5078.)

We do not believe that subdivision (a) of section 11125.7 gives members of the public the rights of a "party" at a taxpayer's appeal hearing. **Footnote No. 4** Rather, the statute allows a member of the public "to directly address" the Board "before or during" the Board's discussion of an agenda item. This can be accomplished without altering the hearing procedures of the Board, as specified in Regulation 5079:

"(a) This regulation applies to all Board hearings, except that the more specific provisions of Regulation 5079.2 apply to hearings on Property Tax petitions.

"(b) Order of Presentation. The hearing shall ordinarily proceed in the following manner. A member of the Board Staff shall report on the record whether campaign contribution disclosure statements have been filed in accordance with the requirements of Section 7011, and whether any disqualifying contributions have been reported. A Board Staff Attorney shall summarize by oral statement the facts, the law applicable, the issues, and the tentative view of the Department. Taxpayers shall then state their position, and present evidence as they see fit, including by means of visual aids, subject to rulings by the Board Chair. The Department shall thereafter state its position and present its evidence. Taxpayers shall then be given an opportunity to reply.

"(c) Witnesses. The taxpayer and the Department may offer witnesses to testify under oath or affirmation. In addition, the Board Chair may, at the Board Chair's discretion or upon the request of a party, direct witnesses to testify under oath or affirmation. Each party may cross examine opposing witnesses.

"Board Staff may, upon recognition by the Board Chair, question the parties, cross-examine persons called as witnesses, and explain Board Staff's view as to the validity of any argument made, the value of evidence submitted, and any other relevant matter.

"(d) Presentation of Evidence. Any relevant evidence, including affidavits, declarations under penalty of perjury, and hearsay evidence, may be presented if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs. Each party shall be permitted to comment on or respond to any affidavits or declarations submitted.

"The Board shall be liberal in allowing the presentation of evidence, but objections to the presentation of and comments on the weaknesses of evidence shall be considered in assigning weight to the evidence. The Board may refuse to allow the presentation of evidence which it considers irrelevant, untrustworthy or unduly repetitious.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) Conclusion of Hearing. That portion of the hearing in which evidence and argument are presented to the Board shall be concluded: upon a vote of the Board Members to conclude that portion of the hearing; by a declaration of the Board Chair that such portion of the hearing is concluded if there is no challenge to the Chair; or upon the making of a motion and a second that any action be taken on the matter."

A member of the public may be concerned about the actions of the Board for a variety of reasons, including their precedential effect. If new and unanticipated points are raised, the affected parties can seek the opportunity to respond. Regulation 5078, subdivision (a), limits the scope of a hearing to the matters in the petition filed with the Board, but permits the Board to "inquire into relevant new matters and afford the parties the opportunity to respond." Regulation 5081, subdivision (b), allows the Board to decide a matter after the close of the hearing, take the matter under consideration for voting at a later time, or continue the hearing to a later date. These rules enable the Board to provide a taxpayer with the opportunity to reply to any significant new points raised by a person addressing the Board, assuring the taxpayer's right to a fair hearing.

Administrative adjudicatory hearings do not have the formality of court proceedings. This is evidenced not only by the relaxed rules of evidence set forth in Regulation 5079, subdivision (d), but also by Regulation 5078, subdivision (b), which notes that, with limited exceptions, "hearings before the Board . . . are not in the nature of trials or contests between adverse parties." In the context of such proceedings, we

believe that the Legislature has given members of the public the right to address the Board before it votes on a decision.

Finally, we note that other state agencies, such as the California Coastal Commission, conduct quasi-judicial administrative hearings (*City of Chula Vista* v. *Superior Court* (1982) 133 Cal.App.3d 472, 485-488; *Davis* v. *California Coastal Zone Conservation Com.* (1976) 57 Cal.App.3d 700, 706-707), where the public is given the opportunity to address the decision-making body (see Pub. Resources Code, §§ 30320, 30325). Similarly, the Legislature has given members of the public the right to address local government bodies concerning decisions of an adjudicatory nature. (§ 54954.3, subd. (a); see, e.g., *Briggs* v. *City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637 [building permit]; *Saad* v. *City of Berkeley* (1994) 24 Cal.App.4th 1206 [land use permit or variance]; *Goat Hill Tavern* v. *City of Costa Mesa* (1992) 6 Cal.App.4th 1519 [conditional use permit].)

In sum, we conclude that members of the public have the right to address the Board at a taxpayer's appeal hearing.

2.        Rights of Public Employees

The second question we are asked is whether an employee of a public agency may invoke the provisions of section 11125.7 to address the Board on behalf of the agency at a taxpayer's appeal hearing. We conclude that a public employee may so address the Board.

Many decisions of the Board made with respect to taxpayer appeals affect state and local public agencies. For example, in the property tax field, local public agencies are the recipients of property taxes. Depending upon the Board's decisions in this area of the law, local public agencies may have their funding levels increased or decreased. (See, e.g., *People ex rel. Dept. of Conservation* v. *Triplett* (1996) 48 Cal.App.3d 233, 254-255.)

In the broadest sense, every person in the state may be said to be a member of the public. Are public employees excluded from the phrase "members of the public" as set forth in section 11125.7? Nothing contained in the statute suggests that a member of the public may not speak on behalf of someone else, such as an employer or client. The only statutory condition is that the comments be directed to the specific agenda item.

Moreover, in *O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334, the court stated:

"`Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts. It will be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports.' [Citation.]"

We have reviewed the legislative history of section 11125.7 with respect to its enactment in 1993. (Stats. 1993, ch. 1289, § 2.) As described in the report of the Senate Rules Committee dated May 11, 1993, the purpose of allowing public comment was as follows: "This bill's provision allowing the public to speak on agenda items will guarantee that the body is making decisions with the broadest information from those it governs." In furthering this legislative purpose, we believe that public employees come within the meaning of "members of the public" as that phrase is used in section 11125.7, even when they are speaking on behalf of their employing agencies. Allowing information to be presented to the Board by a public employee, accomplishing a public purpose on behalf of a government agency, serves the legislative goal of having the Board make its decisions based upon the broadest information possible. **Footnote No. 5**

In answer to the second question, therefore, we conclude that an employee of a public agency may address the Board on behalf of the agency at a taxpayer's appeal hearing.

**Footnote No. 1**

All references hereafter to the Government Code are by section number only. **Return to text**

**Footnote No. 2**

The Board is permitted to hold closed sessions to hear confidential taxpayer appeals. (§ 11126, subd. (f)(7).) Closed sessions held pursuant to section 11126 are exempt from the requirements of section 11125.7, subdivision (a). (§ 11125.7, subd. (c).) We are informed that the Board's general practice is to hear, deliberate, and take action on taxpayer appeals in open session. (See also Rev. & Tax. Code, § 19545.) **Return to text**

**Footnote No. 3**

All references hereafter to title 18 of the California Code of Regulations are by regulation number only.**Return to text**

**Footnote No. 4**

For one thing, the statute allows the state body to "adopt reasonable regulations . . . including . . . regulations limiting the total amount of time allocated for public comment on particular issues and for each individual speaker." (§ 11125.7, subd. (b).) **Return to text**

**Footnote No. 5**

We note that for purposes of the California Public Records Act (§§ 6250-6270), the term "member of the public" excludes "a member, agent, officer, or employee of a federal, state, or local agency acting within the scope of his or her membership, agency, office, or employment" (§ 6252, subd. (f)). We believe that the Act and the California Public Records Act present dissimilar considerations insofar as public agency coverage is concerned. (Compare §§ 6253, 6256 with § 6259.)