[Civ. No. 15452. Third Dist. Jan. 29, 1976.]

BOARD OF DENTAL EXAMINERS, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent;
DAVID HOWARD KORB, Real Party in Interest.

COUNSEL

Evelle J. Younger, Attorney General, and Cir Grogan-Beal, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Wilke, Fleury, Hoffelt & Gray, Joe S. Gray and Friedman, Cone & Minkow for Real Party in Interest.

OPINION

FRIEDMAN, J.—The Sacramento Superior Court acted in excess of jurisdiction in granting to Dr. David Korb (real party in interest) the right to take the depositions of two members of the Board of Dental Examiners; in ordering a third board member to answer questions previously put to him at his deposition; in imposing sanctions upon the board in the amount of $500 in addition to costs totalling $548.70. A writ of prohibition will issue.

Following an administrative hearing the Board of Dental Examiners found Dr. Korb guilty of unprofessional conduct, gross ignorance, and inefficiency in his profession, and ordered revocation of his dental license. After the board's denial of his petition for reconsideration, Dr. Korb filed a petition for writ of mandate under section 1094.5, Code of Civil Procedure.

Counsel for Dr. Korb then gave notice of taking depositions by oral examination of the administrative hearing officer and of two members of the Board of Dental Examiners. Upon the board's motion, the trial court quashed these notices. Dr. Korb then filed an amended petition for mandate, adding a new allegation on information and belief that the board "took and considered evidence outside the administrative record and after the administrative hearing in reachings [sic] its findings of fact and its decision." The amended petition did not reveal the source or basis of this information and belief.

The board filed an answer denying this and other allegations. Dr. Korb then served subpoenas calling for the attendance of the board members at the hearing of his petition for mandate. Although several

board members filed affidavits denying that they had considered evidence outside the administrative record, the trial court denied the board's motion to quash. ■ Eventually the court issued the discovery-enforcement orders assailed in the board's petition for prohibition.

■ In reviewing revocation of a license by a state agency the court renders its independent judgment on the basis of the administrative record plus such additional evidence as may be admitted under Code of Civil Procedure section 1094.5, subdivision (d). (*State of California* v. *Superior Court (Robins),* 16 Cal.App.3d 87, 94 [93 Cal.Rptr. 663].)

■ The evidence demanded by the superior court was inadmissible. It was not the function of the superior court to inquire into the evidence examined and relied upon by the board members or to inquire into the reasoning processes underlying their decision. (*City of Fairfield* v. *Superior Court,* 14 Cal.3d 768, 777 [122 Cal.Rptr. 543, 537 P.2d 375].) The trial court exceeded its discovery-enforcement powers, for real party in interest's discovery efforts were not reasonably calculated to lead to the discovery of admissible evidence. (*Id.,* at pp. 776-777.)

On the assumption that some form of judicial relief is available to correct misconduct of an administrative agency, real party in interest failed completely to make any foundational showing. The board's proceedings were supported by a presumption of regularity. (*Board of Administration* v. *Superior Court,* 50 Cal.App.3d 314, 320 [123 Cal.Rptr. 530]; *Campbell* v. *Board of Dental Examiners,* 17 Cal.App.3d 872, 876 [95 Cal.Rptr. 351].) Petitioner's "information and belief" allegation was unsupported by any allegations of fact supplying a foundation for the belief. (*Swars* v. *Council of the City of Vallejo,* 64 Cal.App.2d 858, 864-865 [149 P.2d 397].) Indeed, in open court, counsel for Dr. Korb declared: "[T]his is again based not upon any statement made by a member of the Board of Dental Examiners. It is based upon the fact that I have handled enough of these cases and known the personalities of people who have been involved on these boards to feel a very good suspicion that this is the case." Counsel's statement was an implied admission that he had no "information or belief" at all but was proceeding on pure speculation. In the face of the presumption of regularity, the issue of discovery orders in aid of a fishing expedition represented an abuse of discretion. (See Deering, Cal. Administrative Mandamus (1975 Supp.) § 5.51A.)

The writ of prohibition is available to annul and prevent the enforcement of invalid discovery orders. (Witkin, Cal. Evidence, § 1050.)

Let a writ of prohibition issue as prayed.

Puglia, P. J., and Regan, J., concurred.