[Civ. No. 42642. First Dist., Div. One. Mar. 15, 1978.]

STATE BOARD OF PHARMACY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
CONSUMERS UNION OF UNITED STATES, INC., et al.,
Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, and Wilbert E. Bennett, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Harry M. Snyder, Luana Martilla, Erica Black Grubb and Armando M. Menocal III for Real Parties in Interest.

## Opinion

**ELKINGTON, J.**—We granted an alternative writ of mandate to review the legality of an order of the superior court denying petitioner's motion to quash a "subpoena re deposition" served upon the state's Attorney General.

The facts are uncontroverted.

In an action successfully maintained by them against California State Board of Pharmacy the superior court ordered that real parties in interest were entitled to reasonable attorneys' fees, the amount of which would be determined later. Thereafter real parties in interest served upon the Attorney General a subpoena commanding him to appear at their attorneys' office on October 25, 1977, "then and there to testify as a witness and give your deposition . . . ." The deposition was for use at the approaching attorneys' fees hearing.

The Attorney General's office had represented the State Board of Pharmacy in the principal action. At the hearing on the motion to quash, it appeared that the Attorney General "has no personal knowledge of any matters that are germane to this litigation, has not discussed the case with the client, defendant California State Board of Pharmacy, and has not discussed the case" with the deputy attorney general assigned to handle it.

The argument of real parties in interest in the superior court may reasonably be condensed to the following: (1) a committee appointed by the Attorney General had urged substantially the same reforms as had been vindicated in the principal action; (2) the Attorney General was required by law to fix the salaries of his deputies and the charges to other state agencies for legal services rendered by his office; (3) he had "a unique ability to evaluate the experience and reputation of [real parties in interest's] attorneys in the legal community"; and (4) as "legal officer with responsibilities for the legal affairs of some thirty-four California State licensing and regulatory boards . . . [he] has special knowledge of the nature of the difficulty of determining proper delegation of authority . . ., the breadth of discretion and its exercise or abuse," together with the "unique" ability "to assess the impact of the case on other State agencies and the difficulties of the issues involved." No evidentiary showing or argument was, or reasonably could be, made that real parties in interest

were precluded from producing other, although perhaps less convenient, evidence on the subject including testimony of the deputy attorneys general who had handled the principal case.

In denying the motion to quash, the superior court concluded that the Attorney General has a "unique perspective" on the effect of this lawsuit and the factors related to fixing attorneys' fees.

Before this court of review real parties in interest insist that the Attorney General was required to submit to the deposition since he has "knowledge of matters germane to the factors relevant to fixing reasonable attorney's fees in a case involving a State agency . . . ."

It is thus made manifest that only the Attorney General's services as an *expert witness* on the subject of reasonable attorneys' fees were desired, and sought.

The Attorney General of California holds an office created by the state's Constitution. Subject to the powers and duties of the Governor, he "shall be the chief law officer of the State." (Cal. Const., art. V, § 13.) He is the director and "head" of the state's "Department of Justice" (Gov. Code, §§ 12510, 15000) with broad executive powers (see Gov. Code, § 15002.5). Except for the business of The Regents of the University of California, he "has charge, as attorney, of all legal matters in which the State is interested . . . and of such other boards or officers as are by law authorized to employ attorneys." (Gov. Code, § 12511.) Among his other duties he "shall attend the Supreme Court and prosecute or defend all causes to which the State, or any State officer is a party in his official capacity; . . ." (Gov. Code, § 12512.)

It is patently in the public interest that the Attorney General be not *unnecessarily* hampered or distracted in the important duties cast upon him by law. And that public interest obviously transcends the convenience that would otherwise be afforded private litigants by the availability of that official as an expert witness on their attorneys' reasonable fees in successful litigation against the state or its agencies.

This view has several times been confirmed, and insofar as we can determine never rejected, by the courts of this nation. A highly placed public officer should not be required to give a deposition in his official capacity in the absence of "*compelling reasons.*" (*Weir* v. *United States*

(8th Cir. 1962) 310 F.2d 149, 154-155.) Such a requirement should be discouraged as "contrary to the public interest, . . ." (*Union Savings Bank of Patchogue, New York* v. *Saxon* (D.D.C. 1962) 209 F.Supp. 319, 319-320.)

". . . There must be some showing, if the right to take a deposition is challenged by the prospective witness, why the prospective witness should be examined. This applies particularly to heads of government agencies. If the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency or any litigation between private parties which may indirectly involve some activity of the agency, we would find that the heads of government departments and members of the President's Cabinet would be spending their time giving depositions and would have no opportunity to perform their functions. [¶]. . . It would be oppressive and vexatious to require [the head of a government agency] to submit to an interrogation that might last for several hours and that would, of course, disturb government business." (*Capitol Vending Co.* v. *Baker* (D.D.C. 1964) 36 F.R.D. 45, 46.)

Further such authority is found in *Wirtz* v. *Local 30, International U. of Operating Engineers* (S.D.N.Y. 1963) 34 F.R.D. 13, 14, where the court stated: "It goes without saying that ours is a government of laws and not of men and that the Secretary of Labor is subject to the lawful orders of this Court, as is any private citizen. [¶] But at the same time common sense suggests that a member of the Cabinet and the administrative head of a large executive department should not be called upon personally to give testimony by deposition, either in New York or elsewhere, unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it. No such showing has been made here and in the nature of things it could not be made."

We find the foregoing authority to be applicable to the proceedings at hand. No clear showing was made that the Attorney General's deposition was required in order "to prevent prejudice or injustice to the party who would require it." It is concluded that the superior court's ruling on the motion to quash was without sanction of law, and an abuse of judicial discretion.

█ We have considered the demurrer to the State Board of Pharmacy's petition, filed by the real parties in interest. We conclude that the

board has a sufficient "beneficial interest" in the proceeding because (1) the determination of its issues is a matter of public concern (see 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 69, p. 3847), and (2) the board as a party to the principal action may reasonably be deemed to have a cognizable interest in all of the proceedings therein (*id.*, §§ 62-63, pp. 3840-3841). And for the reasons previously stated above, we opine that the board's petition does allege facts "to support the issuance of a writ of mandamus." The demurrer is overruled.

The resolution of other points raised by the respective parties is found unnecessary to our determination of the matter at hand.

The peremptory writ of mandate will issue directing the superior court to quash the subject subpoena to take deposition.

Racanelli, P. J., and Sims, J., concurred.