[No. A066262. First Dist., Div. Four. Sept. 20, 1994.]

THOMAS P. NAGLE, as Director, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
JEWEL GREEN, Real Party in Interest.

**COUNSEL**

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Marvin Goldsmith, Assistant Attorney General, Tyler B. Pon and Paul T. Hammerness, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Roger A. Carnagey for Real Party in Interest.

**OPINION**

**POCHÉ, J.**—Petitioners Thomas P. Nagle, Director of the California Employment Development Department (EDD), and Molly Coye, former Director of the California Department of Health Services (DHS), seek a writ of mandate to compel respondent superior court to grant a protective order prohibiting their depositions (Code Civ. Proc., § 2025, subd. (i)) in a lawsuit brought by real party in interest Jewel Green. We agree with petitioners that they are entitled to a protective order since real party failed to show that petitioners had any personal involvement in the actions which gave rise to the law suit and made no showing that real party had exhausted less intrusive means of discovery.

FACTS

Real party's son, Eugene Befford, was an employee of EDD who was dismissed from his job following a proceeding before the California State Personnel Board. In part the charges against Befford involved time away from his job because of the illness of real party. In its pursuit of the disciplinary action, personnel of EDD obtained certain of real party's records from DHS through administrative subpoenas. This led to the filing of an action by real party against personnel of these agencies, including petitioners. In her complaint, real party contends that confidential medical records were obtained in violation of her privacy and due process rights under the California Constitution.

When depositions of petitioners were noticed, petitioners moved for a protective order. The motion was supported by the declarations of counsel for the agencies declaring that they had no information indicating that petitioners had any personal knowledge of the facts of the case and declaring that real party had propounded no discovery seeking information as to petitioners' personal knowledge. Following opposition to the motion, which pointed out that petitioners had not submitted declarations themselves regarding their knowledge, petitioners also filed declarations denying any personal knowledge of the facts or circumstances of the Befford disciplinary proceeding or the subpoenaing of real party's records.

Respondent court denied the motion for a protective order and petitioners applied to this court for relief.

DISCUSSION

■ It is the general rule in both California and federal courts that the heads of agencies and other top governmental executives are normally

not subject to depositions. (*Deukmejian* v. *Superior Court* (1983) 143 Cal.App.3d 632, 633 [191 Cal.Rptr. 905]; *State Board of Pharmacy* v. *Superior Court* (1978) 78 Cal.App.3d 641, 644-645 [144 Cal.Rptr. 320]; *Civiletti* v. *Municipal Court* (1981) 116 Cal.App.3d 105, 110 [172 Cal.Rptr. 83]; *Church of Scientology of Boston* v. *I.R.S.* (D.Mass. 1990) 138 F.R.D. 9, 10.)

"An exception to this general rule exists concerning top officials who have direct personal factual information pertaining to material issues in an action. [Citations.] [¶] A top governmental official may, however, only be deposed upon a showing that the information to be gained from such a deposition is not available through any other source. [Citations.]" (*Church of Scientology of Boston* v. *I.R.S. supra*, 138 F.R.D. at p. 12.)

Real party points out that none of the California cases upon which petitioners rely involve the deposition of a named party-defendant. That is correct. However, federal cases applying the general rule have done so where the proposed deponent is a named party. (See *Kyle Engineering Co.* v. *Kleppe* (9th Cir. 1979) 600 F.2d 226, 231; *Union Savings Bank of Patchogue, New York* v. *Saxon* (D.D.C. 1962) 209 F.Supp. 319.) "Because of the similarity of California and federal discovery law, federal decisions have historically been considered persuasive absent contrary California decisions." (*Liberty Mutual Ins. Co.* v. *Superior Court* (1992) 10 Cal.App.4th 1282, 1288 [13 Cal.Rptr.2d 363].)

The general rule is based upon the recognition that ". . . an official's time and the exigencies of his everyday business would be severely impeded if every plaintiff filing a complaint against an agency head, in his official capacity, were allowed to take his oral deposition. Such procedure would be contrary to the public interest, plus the fact that ordinarily the head of an agency has little or no knowledge of the facts of the case." (*Union Savings Bank of Patchogue, New York* v. *Saxon, supra*, 209 F.Supp. at pp. 319-320.) This proposition is as true in California courts as in federal courts.

■ In the instant case, real party does not contend that either director has personal knowledge of the subpoenaing of her records. She contends, however, that their declarations did not establish that they have no knowledge of, for example, other cases in which subpoenas were issued or general knowledge of departmental requirements concerning privacy and confidentiality of records and other matters. These are matters which can be investigated through other sources and through much less burdensome means.

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying a protective order and to issue a new order granting the requested protection.

Anderson, P. J., and Reardon, J., concurred.