Filed 4/26/18; Certified for Publication 5/9/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| CONTRACTORS' STATE LICENSE BOARD,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>        Respondent;<br><br>BLACK DIAMOND ELECTRIC, INC.,<br><br>        Real Party in Interest. | A153684<br><br>(Contra Costa County<br>Super. Ct. No. C1702451) |

**BY THE COURT**[*]**:**

The Contractors' State License Board (the Board) seeks a writ of mandate and a stay to prevent the "apex deposition" of David R. Fogt. Fogt is the Board's Registrar of Contractors, a position which makes him the Board's secretary and chief executive officer. After real party in interest, Black Diamond Electric, Inc. (BDE), noticed Fogt's deposition in a declaratory judgment action BDE had brought against the Board, Fogt sought a protective order to prevent the deposition. Respondent court denied the motion for a protective order, and the Board now seeks writ review.

We conclude that under well-established California law, the head of a government agency, such as Fogt, generally is not subject to deposition. "An exception to the rule

---

[*] Humes, P.J., Margulies, J., and Dondero, J.

exists *only* when the official has direct personal factual information pertaining to material issues in the action and the deposing party shows the information to be gained from the deposition is not available through any other source." (*Westly v. Superior Court* (2004) 125 Cal.App.4th 907, 911 (*Westly*).) We hold that this exception does not apply in this case. We therefore grant the Board's petition and issue a peremptory writ in the first instance, as we previously informed the parties was possible. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180 (*Palma*).)

## FACTUAL AND PROCEDURAL BACKGROUND

BDE is a licensed electrical contractor and is currently the subject of a disciplinary proceeding brought by the Board. The Board's March 20, 2017 accusation alleges that uncertified BDE employees performed work that required certification, and that certified trainee/employees performed work without required supervision by a certified electrician. The disciplinary proceeding is currently pending before the Office of Administrative Hearings.

After the disciplinary proceeding was initiated, BDE filed a complaint in Contra Costa Superior Court. The complaint seeks a declaration as to the proper definition of certain terms used in the Labor Code, including "electrician," "electrical work," and "direct supervision." (See Lab. Code, §§ 108, subd. (c), 108.2, subd. (a), 108.4, subd. (a)(3).) In the alternative, the complaint seeks a declaration that the terms are impermissibly vague. Finally, the complaint seeks a "permanent injunction enjoining and restraining the [Board] from seeking to enforce the 'direct supervision' provision of Labor Code section 108.4[, subdivision ](a)(3) until the legislation provides the [Board] with further clarification."[1]

BDE submitted interrogatories and document production requests to the Board on January 19, 2018. One week later, BDE served a notice of deposition for Fogt. Fogt

---

[1] On February 5, 2018, the Board filed a demurrer to BDE's complaint. Respondent had not ruled on the demurrer by the time the instant petition was filed, and the arguments raised in the demurrer are not before us.

2

currently serves as the Board's Registrar of Contractors—the "executive officer and secretary of the board." (Bus. & Prof. Code, § 7011, subd. (b).) BDE noticed the deposition for February 16.

The Board then filed a motion for protective order to prevent the deposition. It argued the deposition was improper before a decision on the Board's demurrer, and it contended that the deposition would be harassing and burdensome. As to the latter contention, the Board argued that BDE was seeking to depose Fogt on the definition of statutory terms, which are issues of law, not fact.

In its opposition to the motion, BDE made clear that it sought to depose Fogt concerning the Board's "operating definition of 'electrician' and 'direct supervision' . . . for purpose of enforcement . . . ." The Board filed a reply in which it raised an argument it had not developed in its motion. Citing numerous California cases, it contended that top government executives are normally not subject to deposition.

On February 13, respondent issued a tentative ruling denying the motion. The following day, the parties appeared at a hearing on the motion. Before the hearing, counsel for the Board notified respondent and opposing counsel that he would focus his argument on the law prohibiting the deposition of high government officials, noting that the argument had not been addressed in the tentative ruling. At the hearing, the parties engaged in what BDE's counsel describes as a "robust argument" about the relevant California and federal case law and the facts of the case.[2]

On February 14, respondent issued a written order denying the Board's request for a protective order. Its written order addressed the argument raised in the Board's reply regarding the deposition of high government officials. Respondent distinguished the cases on which the Board relied, ruling that Fogt allegedly "has direct factual information

_____

[2] The hearing was not transcribed, but counsel for both parties have filed declarations pursuant to California Rules of Court, rule 8.486(b)(3)(A) "fairly summarizing the proceedings, including the parties' arguments and any statement by the court supporting its ruling."

and that he was directly involved in issues related to this case before his appointment as Executive Officer."

On February 21, the Board filed the current petition seeking a writ of mandate and an immediate stay. The following day, we issued a temporary stay of the order pending further briefing and consideration by this court. In the stay order, we gave *Palma* notice, informing the parties that we might proceed by issuing a peremptory writ of mandate in the first instance.

BDE has submitted informal opposition, and the Board has filed a reply.

## DISCUSSION

The Board contends that high government officials like Fogt generally are not subject to deposition.[3] The Board acknowledges the existence of the exception for officials possessing direct, personal, factual information relating to material issues in the action, but it argues that the information BDE seeks is not factual in nature. In addition,

---

[3] In its opposition, BDE objects that the Board first raised this argument in its reply papers below. Courts often will not consider arguments first raised in a reply brief because of the potential unfairness to the opposing party, who is deprived of the opportunity to respond to the new argument. (E.g., *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 783.) Here, however, we conclude that BDE had a sufficient opportunity to respond to the Board's contention.

First, the Board's motion for protective order relied on the "policy of protecting senior officials of state agencies and professional boards from depositions" and cited *Board of Dental Examiners v. Superior Court* (1976) 55 Cal.App.3d 811. BDE's opposition claimed the Board had cited that case "seemingly for the proposition that agency heads can never be deposed." BDE therefore appears to have understood the basic thrust of the Board's argument regarding the deposition of high government officials, even if the Board did not fully develop the argument until its reply. Second, BDE's counsel states that at the oral hearing, the parties were given "unlimited time to argue [the Board's] motion" and engaged in "a robust argument" on the issue raised in the petition. BDE therefore had an opportunity to respond. Third, courts have discretion to accept arguments made for the first time in reply. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1009.) In this case, respondent chose to consider the issue the Board raises in its petition, and the court resolved it adversely to the Board. Finally, BDE has briefed the issue fully in this court. In these circumstances, we conclude BDE will not be prejudiced if we address the arguments raised in the Board's petition.

4

the Board asserts that BDE has not met its burden of showing that the information is not available from any other source.  We agree with the Board.

## I. *California Law Generally Prohibits Depositions of High Government Officials.*

"The general rule in California and federal court is that agency heads and other top governmental executives are not subject to deposition absent compelling reasons." (*Westly, supra,* 125 Cal.App.4th at p. 910.)  "The general rule is based upon the recognition that '. . . an official's time and the exigencies of his everyday business would be severely impeded if every plaintiff filing a complaint against an agency head, in his official capacity, were allowed to take his oral deposition.  Such procedure would be contrary to the public interest, plus the fact that ordinarily the head of an agency has little or no knowledge of the facts of the case.' "  (*Nagle v. Superior Court* (1994) 28 Cal.App.4th 1465, 1468 (*Nagle*), quoting *Union Savings Bank of Patchogue, New York v. Saxon* (D.D.C. 1962) 209 F.Supp. 319, 319–320.)

This rule has been applied in numerous cases involving an array of constitutional officers, board members, and agency heads.  (See *Westly, supra,* 125 Cal.App.4th at p. 912 [granting writ of mandate to prevent depositions of state Controller and Attorney General]; *Nagle, supra,* 28 Cal.App.4th at pp. 1467–1468 [granting peremptory writ to prevent depositions of director of California Employment Development Department and former director of California Department of Health Services]; *Deukmejian v. Superior Court* (1983) 143 Cal.App.3d 632, 635 (*Deukmejian*) [granting peremptory writ in first instance ordering superior court to quash notice to appear directed at Governor]; *State Board of Pharmacy v. Superior Court* (1978) 78 Cal.App.3d 641, 644–646 (*State Board of Pharmacy*) [issuing peremptory writ of mandate directing superior court to quash subpoena for deposition of Attorney General]; *Board of Dental Examiners v. Superior Court, supra,* 55 Cal.App.3d at pp. 813–814 [issuing writ of prohibition to prevent deposition of members of state licensing board].)  As we observed 40 years ago, " 'the administrative head of a large executive department should not be called upon personally to give testimony by deposition . . . unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it.' "  (*State*

5

*Board of Pharmacy*, at p. 645, quoting *Wirtz v. Local 30, International U. of Operating Engineers* (S.D.N.Y. 1963) 34 F.R.D. 13, 14.) Thus, where a party seeks to depose a high government official, and the official moves for a protective order, the burden is on the deposing party to show that compelling reasons exist for permitting the deposition. (See *Liberty Mutual Ins. Co. v. Superior Court* (1992) 10 Cal.App.4th 1282, 1289 [deposition of corporate president].)

An exception will be made to this rule only when the deposing party makes two showings. First, the deposing party must show that the government official "has direct personal *factual* information pertaining to material issues in the action . . . ." (*Westly, supra,* 125 Cal.App.4th at p. 911, italics added.) Second, the deposing party must also show "the information to be gained from the deposition is not available through any other source." (*Ibid.*)

## II. *BDE Has Failed to Show the Exception Applies.*

BDE does not dispute that California law generally does not allow high government officials to be deposed. Instead, it appears to contend that Fogt is not such an official because it seeks to depose him regarding information gained during his earlier career with the Board. BDE also argues that Fogt has unique personal knowledge of facts concerning the Board's interpretation and enforcement of Labor Code section 108 et seq. For these reasons, BDE contends that Fogt's deposition is proper.

### A. *As Registrar of Contractors, Fogt Is a Highly Placed Public Officer.*

We reject BDE's argument that Fogt is not the kind of "highly placed public officer" to whom the general rule applies. (*State Board of Pharmacy, supra,* 78 Cal.App.3d at p. 644.) The general rule applies to "agency heads and other top governmental executives" (*Westly, supra,* 125 Cal.App.4th at p. 910), and Fogt, as Registrar of Contractors, is the "executive officer and secretary of the board" (Bus. & Prof. Code, § 7011, subd. (b)). The rule that top governmental executives are generally not subject to deposition has been applied to the heads of other California state agencies. (See *Nagle, supra,* 28 Cal.App.4th at pp. 1467–1468 [rule applied to director of

6

California Employment Development Department and former director of California Department of Health Services].) We see no reason why it should not apply to Fogt.

It does not matter that BDE claims to seek information Fogt gained before he was elevated to his current position. The rule prohibiting the deposition of agency heads and other highly placed public officials is grounded on the concern that such proceedings will consume the officials' time and hamper them in the conduct of government business. (*Nagle, supra,* 28 Cal.App.4th at p. 1468; see *State Board of Pharmacy, supra,* 78 Cal.App.3d at p. 644 ["It is patently in the public interest that the Attorney General be not *unnecessarily* hampered or distracted in the important duties cast upon him by law."].) This concern is present whether the official gained the information sought while in his or her present position or while serving in prior, lower ranking positions at the agency. (See *Deukmejian, supra,* 143 Cal.App.3d at p. 634 [Governor alleged to have personal knowledge of prison conditions based on prior service as a state legislator and years of service in the Attorney General's office].) We assume that agency heads will frequently be drawn from the ranks of agency employees with many years of experience. But the mere fact that a party seeks information acquired before the official assumed the position of agency head does not render the deposition any less time-consuming or disruptive of government business.

**B.** *The Information BDE Seeks Is Not Factual.*

In this court, BDE explains that the purpose of Fogt's deposition is "to inquire about the [Board's] prior administrative interpretations of the statute, and prior applications of it, that occurred by his direction, through his authority since his appointment as Enforcement Chief." We agree with the Board that these are issues of law, not fact.

We begin by noting that BDE's action is one for declaratory judgment, which asks the court to construe various statutory terms. The proper interpretation of terms used in the Labor Code is an issue of law. (See *State Building & Construction Trades Council of California v. Duncan* (2008) 162 Cal.App.4th 289, 304 [proper interpretation of term "public work" in Labor Code is pure legal issue]; *Handyman Connection of Sacramento,*

7

*Inc. v. Sands* (2004) 123 Cal.App.4th 867, 881 [interpretation of Contractors' State License Law is matter of law subject to independent review].) Put another way, BDE seeks to have respondent determine whether the Board's interpretation and manner of enforcement of the specified Labor Code provisions are consistent with the statutes at issue. This is unquestionably a legal issue. (*Transcentury Properties, Inc. v. State of California* (1974) 41 Cal.App.3d 835, 842 (*Transcentury Properties*) ["Respondents' contention that regulations promulgated by the state commission are not authorized by the [California Coastal Zone Conservation] Act raises a legal question."].) As BDE admitted below, "[t]he underlying issues are ones of legal interpretation . . . ."

The only information relevant to the Board's interpretation of the Labor Code will be the text of the statutes, legislative history, and perhaps official administrative interpretations.[4] We fail to see what *factual* information Fogt could supply on those issues. Indeed, BDE does not appear to claim Fogt has such information. To the contrary, its counsel states that "we selected him because Mr. Fogt interpreted Labor Code section 108, *et seq.* and established the policies for enforcing his interpretation." While Fogt certainly has knowledge of the Board's interpretation of the statutes and its enforcement history, that knowledge is not personal, factual information. (*Westly, supra,* 125 Cal.App.4th at p. 911 ["While the Controller and Attorney General unquestionably have knowledge of what their official duties are, those duties are a matter of law, not personal factual information."]; *Deukmejian*, *supra*, 143 Cal.App.3d at pp. 634–635 [distinguishing Governor's knowledge of administration policies from factual knowledge of prison conditions].)

---

[4] As one federal court explained in a case seeking the testimony of members of the Federal Communications Commission (FCC) and its employees, "[t]he FCC . . . acts officially only 'through the adoption of rules, orders, policy statements which reflect its views and commands.' [Citation.] These statements are not subject to interpretation by an FCC Commissioner or employee (past or present) any more than a judicial decision is subject to elaboration or interpretation by way of the subsequent testimony of the judicial officer who rendered it." (*U.S. v. American Tel. and Tel. Co.* (D.D.C. 1981) 524 F.Supp. 1381, 1387.)

Furthermore, in suits seeking review of administrative action, discovery is not available regarding pure issues of law. In *State of California v. Superior Court* (1974) 12 Cal.3d 237 (*State of California*), the court held that objections to interrogatories regarding the constitutionality of the statute at issue should have been sustained "because they seek to determine opinions of the [California Coastal Zone Conservation] Commission regarding the constitutionality of the [California Coastal Zone Conservation] Act, and such opinions have no relevance whatever to the purely legal problem of determining the validity of the Act on its face." (*Id.* at p. 256, fn. omitted.) It further held that the commission should not be compelled to answer interrogatories that "seek to determine what material the Commission read and relied upon in reaching its determination and . . . seek to probe the mental processes of the Commission . . . ." (*Id.* at p. 258.) The court cited the seminal case of *United States v. Morgan* (1941) 313 U.S. 409, in which the United States Supreme Court "held . . . that 'it was not the function of the court to probe the mental processes of the Secretary [of Agriculture].' [Citation.] Just as a judge cannot be subjected to such a scrutiny [citation], so the integrity of the administrative process must be equally respected." (*Id.* at p. 422.)

Thus, BDE is not permitted to ask agency officials how they personally interpret statutes administered by the Board, since their personal views are irrelevant to the purely legal issue of statutory construction. (*State of California, supra,* 12 Cal.3d at p. 256.) To the extent BDE contends that the Board's interpretation of the Labor Code is inconsistent with the statutes, "[t]here is no need for discovery with respect to this contention."[5]

---

[5] It does not matter that BDE views Fogt as the person most knowledgeable in these matters. In *State Board of Pharmacy*, the issue in the underlying action related to an award of attorney fees, but we rejected the argument that the deposition of the Attorney General should be permitted because he "has a 'unique perspective' on the effect of this lawsuit and the factors related to fixing attorneys' fees." (*State Board of Pharmacy*, *supra*, 78 Cal.App.3d at p. 644.) Similarly, in *Nagle*, the plaintiff sought to depose the directors of the California Employment Development Department and Department of Health Services. (*Nagle*, *supra*, 28 Cal.App.4th at p. 1467.) Division Four of this district rejected the argument that the directors should be deposed because they had not claimed that "they ha[d] no knowledge of, for example, other cases in which

9

(*Transcentury Properties, supra,* 41 Cal.App.3d at p. 842 [party's contention that agency regulations were not authorized by enabling statute raised purely legal issue on which discovery was unnecessary]; see also *Guilbert v. Regents of University of California* (1979) 93 Cal.App.3d 233, 246 [official's " 'understanding' as to whether he was exercising adjudicatory powers or his 'belief' as to statutory constraints on the exercise of his powers are totally irrelevant to the issues of whether respondents granted Guilbert a fair trial, abused their discretion or exceeded their jurisdiction"].)

Nor may BDE ask Fogt why the Board exercised its discretion to initiate any particular enforcement action. In *Simplex Time Recorder Co. v. Secretary of Labor* (D.C. Cir. 1985) 766 F.2d 575 (*Simplex*), the District of Columbia Circuit Court of Appeals rejected an argument similar to the one BDE makes here, explaining, "Simplex has not suggested any information in the possession of these officials (regarding general enforcement proceedings) that it could not obtain from published reports and available agency documents. From its brief, we gather that Simplex wishes to question these officials on purely discretionary decisions concerning enforcement of the OSHA Act. This runs counter to the cautions enunciated in *Morgan, supra, et al.*" (*Id.* at p. 587.)

BDE's reliance on *Green v. Baca* (C.D.Cal. 2005) 226 F.R.D. 624 is misplaced. In that case, the court refused to preclude the testimony of the Los Angeles County Sheriff in an action challenging the sheriff's implementation of jail release policies. But the court based its decision, in part, on its view that the sheriff was not a high government official. It cited authority holding that police chiefs were not such officials, and it noted that the sheriff had cited no contrary authority. (*Id.* at p. 649.) As noted earlier, that is not the case here. *Green v. Baca* also appears somewhat inconsistent with *Deukmejian*, where the court held that the Governor could not be deposed merely because he was knowledgeable about conditions in state prisons, since the true focus of the inquiry was

_____

subpoenas were issued or general knowledge of departmental requirements . . . ." (*Id.* at p. 1468.)

10

executive policies, not prison conditions.  (*Deukmejian, supra,* 143 Cal.App.3d at pp. 634–635.)

### D. *BDE Has Not Shown that the Information Is Unavailable from Any Other Source.*

To satisfy the second prong of the exception, BDE must show that "the information to be gained from the deposition is not available through any other source." (*Westly, supra,* 125 Cal.App.4th at p. 911.)  BDE has not done so.

In the court below, BDE argued that the Board's enforcement of the statutory provisions at issue was "contrary to its own published interpretations."  BDE therefore recognizes that published interpretations of the statutes exist.  BDE does not explain why it cannot use such "published reports and available agency documents" to discern how the Board construes the statutory terms it finds unclear.  (*Simplex*, *supra*, 766 F.2d at p. 587; see *State Building & Construction Trades Council of California v. Duncan*, *supra*, 162 Cal.App.4th at p. 304 ["the opinion of an administrative agency as to a statute's meaning may be helpful even if it is 'not binding or necessarily even authoritative' "].)  Thus, the information BDE seeks from Fogt might just as easily be derived from " 'orders [or] policy statements which reflect [the Board's] views and commands.' "  (*U.S. v. American Tel. and Tel. Co.*, *supra*, 524 F.Supp. at p. 1387.)  BDE is free to seek such materials from the Board in discovery.

BDE complains that the Board's responses to its discovery requests have been inadequate and evasive.  Even if this is true, BDE has not shown it has availed itself of the remedies provided by the Civil Discovery Act.  If it is truly dissatisfied with the Board's discovery responses, it may seek an order compelling more complete answers. (See, e.g., Code Civ. Proc., § 2030.290, subd. (b).)  Although BDE has filed an appendix of exhibits, nothing in its appendix shows that it has moved to compel further responses from the Board.

## III.  *A Peremptory Writ in the First Instance Is Appropriate.*

In these circumstances, we will issue a peremptory writ in the first instance. Generally, we employ "the accelerated *Palma* procedure . . . . only when petitioner's

entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . or where there is an unusual urgency requiring acceleration of the normal process." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) That is the case here. As we have explained, on the record before us, respondent abused its discretion in denying the Board's motion for a protective order. Once Fogt's deposition is taken, the harm cannot be undone, and writ review is thus the only means of securing the relief the Board seeks. (See *Board of Administration v. Superior Court* (1975) 50 Cal.App.3d 314, 324 ["Appeal is not an adequate remedy since if Board foregoes the right to review by prohibition it is left with the choice of supplying information to which City is clearly not entitled or suffering the risk of a default judgment on a debatable point of law. Board is entitled to a legal answer on the issue before it is compelled to make that choice."].) "Because there are no disputed factual issues, the legal error is clear and the matter should be expedited, a peremptory writ in the first instance is appropriate." (*Westly, supra,* 125 Cal.App.4th at p. 912.)

We have provided the parties with adequate notice by inviting and receiving preliminary opposition from BDE. " 'Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance.' " (*Johnny W. v. Superior Court* (2017) 9 Cal.App.5th 559, 568.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court in *Black Diamond Electric, Inc. v. Contractors State License Board* (Super. Ct. Contra Costa County, No. C1702451), to vacate its order of February 14, 2018, denying petitioner's motion for a protective order, and to enter a new and different order granting petitioner's motion. To prevent further delays in the superior court proceedings, this decision shall be final as to this court five court days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The previously issued stay shall dissolve upon finality of this opinion.

12

Filed 5/9/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CONTRACTORS' STATE LICENSE BOARD,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>        Respondent;<br><br>BLACK DIAMOND ELECTRIC, INC.,<br><br>        Real Party in Interest. | A153684<br><br> (Contra Costa County<br> Super. Ct. No. C1702451)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION<br><br><br>NO CHANGE IN JUDGMENT |

THE COURT:

        The opinion in the above-entitled matter filed on April 26, 2018, was not certified for publication in the Official Reports.  After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated:

                                          _____
                                          Humes, P. J.

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Judith Craddick

Counsel:

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Anthony R. Hakl and John W. Killeen, Deputy Attorneys General for Petitioner.

Birka-White Law Offices, David M. Birka-White and Mindy M. Wong for Real Party in Interest.