Filed 1/16/25  Madrid v. Lazar CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| SUSANA MADRID et al., | B333110 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 22STCV02576) |
| v. | |
| SIMON LAZAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Whitaker, Judge.  Affirmed.

Collins + Collins, Edward J. Riffle, David C. Moore, and James Lee for Defendant and Appellant.

Wilshire Law Firm and Daniel DeSantis for Plaintiffs and Respondents.

# INTRODUCTION

In holding that perfecting an appeal from an order denying a special motion to strike under Code of Civil Procedure section 425.16[1] stays trial court proceedings on the merits, the Supreme Court recognized some such appeals "will undoubtedly delay litigation even though the appeal is frivolous or insubstantial." (*Varian Medical Systems, Inc. v. Delfino (*2005) 35 Cal.4th 180, 186, 195; see *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland* (2020) 54 Cal.App.5th 738, 763 [a "'major reason'" for the explosion of special motions to strike under section 425.16 "'is that the statute rewards the filer of an unsuccessful . . . motion with what one court has called a "free time-out" from further litigation in the trial court'"].) This is one of those appeals. And the timeout is over.

Susana Madrid and Daniel Villa filed this wrongful death action after their son, Joe Villa,[2] died in a motorcycle accident. Madrid and Villa alleged that Joe lost control of his motorcycle after he hit a temporary metal plate on the road and that the plate was installed in connection with a nearby construction project. Madrid and Villa sued the project's contractor and related entities, asserting several negligence-based causes of action. After Madrid and Villa discovered Simon Lazar managed, owned, or controlled several of the defendants, they substituted him as a Doe defendant.

Lazar filed a special motion to strike under section 425.16 and argued Madrid and Villa named him as a defendant only

---

[1]     Statutory references are to this code.

[2]     To avoid confusion, we refer to Joe Villa by his first name.

2

because he successfully opposed their request to depose him (i.e., they retaliated against him for litigation-related activity).  The trial court denied the special motion to strike, ruling Madrid and Villa's claim against Lazar, which alleged he negligently hired, retained, and supervised contractors on the project, did not arise from activity protected under section 425.16.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Joe Dies in a Motorcycle Accident, and Madrid and Villa File This Action*

Joe drove his motorcycle on a street in Los Angeles and hit a temporary metal plate on the roadway.  The impact threw him off his motorcycle, onto a parked car, and then into oncoming traffic.  A passing car struck and killed him.

The metal plate on the road was installed by a subcontractor on a nearby construction project, "which required temporary metal trench plates in the roadway."  Madrid and Villa sued, among others, Helio Group, the project's general contractor.  They asserted causes of action for negligence; negligent hiring, retention, and supervision; and wrongful death.  Madrid and Villa alleged the defendants "negligently, carelessly, recklessly, and/or unlawfully planned, designed, built, constructed, maintained, operated, controlled, repaired, and/or monitored the roadway at the collision site, and failed to make the roadway safe for drivers . . . ."  Madrid and Villa also alleged that the defendants "hired each other and/or employees to plan, design, build, construct, maintain, operate, control, repair, and/or monitor the roadway, metal plates, and surrounding areas in a reasonable and safe manner" and that the defendants "and/or

3

their employees were unfit or incompetent to perform the work for which they were hired, including but not limited to the specific tasks to be performed during the course of their employment, namely the general safe planning, designing, building, constructing, maintaining, operating, controlling, repairing, and/or monitoring of the roadway, metal plates, and surrounding areas where the subject incident occurred."

B. *Madrid and Villa Notice Lazar's Deposition, and Helio Group Refuses To Produce Him*

Madrid and Villa learned of Lazar in discovery. Madrid and Villa served Helio Group with requests for admission and interrogatories. Helio Group denied some of the requests for admission and identified Lazar as a witness with knowledge of facts supporting its denials. Lazar verified discovery responses by Helio Group and two other defendants, Oakmont Capital and Overland Asset Group. Lazar also signed project-related contracts between Helio Group and Venue Residences (the project owner) on behalf of both entities. And Lazar signed a contract between Helio Group and O.L. Development, Inc., one of the subcontractors on the project, on behalf of Helio Group.[3]

Madrid and Villa served Helio Group and Lazar with a deposition notice for Lazar, who was not yet a party to the action. Helio Group claimed Lazar was an apex corporate officer who lacked independent knowledge about the case and refused to produce him for deposition.[4]

---

[3]     Madrid and Villa amended their complaint to name O.L. Development, Inc. as a defendant.

[4]     Under the "apex deposition doctrine" or "apex witness rule," a plaintiff seeking to depose a highly ranked (or apex) officer of a

4

C.     *Madrid and Villa Move To Compel Lazar's*
       *Deposition, and the Trial Court Denies the Motion*

Madrid and Villa filed a motion to compel Lazar's deposition.  Madrid and Villa argued Lazar was uniquely qualified to answer questions about Helio Group's decision to hire O.L. Development and about the relationship between the companies working at the project site.  Madrid and Villa also argued they were entitled to depose Lazar because he verified discovery responses on behalf of several defendants.

In opposition to the motion Helio Group argued Lazar was a corporate officer and director of Helio Group who was not involved in selecting O.L. Development as a subcontractor or in the day-to-day operations of the project.  Helio Group argued that Lazar had no unique or superior knowledge of any discoverable information and that Helio Group identified its director of construction, Bill Mayes, as the person most qualified to testify about the project.  Helio Group also argued Madrid and Villa had not pursued less intrusive means of discovery, such as serving written discovery or deposition notices for lower-level company employees.

---

corporate defendant must show the officer has unique or superior personal knowledge that is unobtainable through less intrusive discovery means.  (See *Liberty Mutual Ins. Co. v. Superior Court* (1992) 10 Cal.App.4th 1282, 1287-1290 [party may not depose a corporate executive absent evidence the executive had unique knowledge of issues in the case]; see also *Ross v. Superior Court* (2022) 77 Cal.App.5th 667, 672 ["'agency heads and other top governmental executives are not subject to deposition absent compelling reasons'"]; *Westly v. Superior Court* (2004) 125 Cal.App.4th 907, 911 [same].)

Madrid and Villa argued in reply that Helio Group identified Lazar as a person with knowledge of facts supporting its denial of their requests for admission. They argued the court should not allow Helio Group to identify Lazar as a knowledgeable corporate representative in its discovery responses, but then allow Helio Group to shield Lazar from deposition by asserting he lacked knowledge.

The trial court denied the motion to compel Lazar's deposition. The court ruled Madrid and Villa failed to show Lazar had "unique or superior knowledge that could be not obtained via any other source."[5] Madrid and Villa served Helio Group with a deposition notice for the person most qualified to testify about the project, and Helio Group identified Mayes as that person. The court ruled that, because Madrid and Villa had not yet taken Mayes's deposition or received written discovery responses showing only Lazar could answer their questions, Madrid and Villa had not established a compelling reason to depose Lazar at that time. The court also ruled Madrid and Villa would be entitled to take Lazar's deposition if further discovery revealed questions only Lazar could answer.

D.    *Madrid Substitutes Lazar as a Doe Defendant, and Lazar Files a Special Motion To Strike*

Madrid and Villa amended their complaint to substitute Lazar in as a Doe defendant. In response, Lazar filed a special motion to strike under section 425.16. Lazar argued that

---

[5]    Of course, Lazar verified Helio Group's discovery responses, which generally means he is subject to deposition. That's why attorneys have someone other than corporate officers verify discovery responses.

section 425.16 applied to his litigation-related speech (i.e., his successful opposition to the efforts by Madrid and Villa to take his deposition) and that Madrid and Villa named Lazar as a Doe defendant in retaliation for his litigation conduct. Lazar also argued Madrid and Villa named him as a Doe defendant to circumvent the court's order denying their motion to compel Lazar's deposition. In addition, Lazar argued Madrid and Villa could not demonstrate a probability of success on their cause of action against him. In particular, Lazar asserted he was not involved in installing the temporary metal plate that allegedly caused the accident, nor did he hire or supervise the contractors who installed the metal plate. Thus, Lazar argued, Madrid and Villa could not prove he was negligent.

In opposition to the special motion to strike Madrid and Villa argued they had a valid basis for adding Lazar as a defendant. Madrid and Villa stated that, after the trial court denied their motion to compel Lazar's deposition, they took Mayes's deposition. During the deposition counsel for Madrid and Villa learned that Lazar owned Venue Residences and that therefore Lazar, through Venue Residences, hired his company (Helio Group) as the contractor for the project. According to Madrid and Villa, that evidence supported a cause of action for negligent hiring, retention, and supervision against Lazar personally. Madrid and Villa also argued their allegations against Lazar did not arise from protected activity. Specifically, Madrid and Villa alleged Lazar negligently hired, retained, or supervised the main contractor on the project, Helio Group, conduct that was unrelated to Lazar's purported protected activity of objecting to the deposition notice and opposing the motion by Madrid and Villa to compel his deposition. Madrid and

7

Villa also argued their cause of action against Lazar had sufficient minimal merit to survive a special motion to strike.

### E.     *The Trial Court Denies Lazar's Special Motion To Strike, and Lazar Appeals*

The trial court denied Lazar's special motion to strike, ruling Lazar did not establish Madrid and Villa's claim arose from activity protected under section 425.16.  The court applied the two-step analysis for evaluating a special motion to strike and ruled Lazar had failed to satisfy the first step.  The court ruled "the allegations themselves stem from Lazar's conduct in hiring his own general contracting company to do the construction work on the project he had an ownership interest in," which conduct did not arise from Lazar's protected speech.  Lazar timely appealed from the order denying his special motion to strike.[6]

## DISCUSSION

### A.     *Applicable Law and Standard of Review*

Section 425.16, subdivision (b)(1), states that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will

---

[6]     An order denying a special motion to strike under section 425.16 is appealable.  (§ 425.16, subd. (i); *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 645.)

8

prevail on the claim." Courts evaluate special motions to strike under section 425.16 using a two-step process. "First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); see *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*); *Littlefield v. Littlefield* (2024) 106 Cal.App.5th 815, 826.) We review de novo an order granting or denying a special motion to strike under section 425.16. (*Bonni*, at p. 1009; *Littlefield*, at p. 825.)

B.  *The Trial Court Did Not Err in Denying Lazar's Special Motion To Strike*

In analyzing a special motion to strike, at the first step courts "'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (*Bonni*, *supra*, 11 Cal.5th at p. 1009; see *Park*, *supra*, 2 Cal.5th at p. 1063.) "[T]he defendant must make two related showings. Comparing its statements and conduct against the statute, it must demonstrate activity qualifying for protection. [Citation.] And comparing that protected activity against the complaint, it must also demonstrate that the activity supplies one or more elements of a plaintiff's claims." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 887; see *Littlefield v. Littlefield*, *supra*, 106 Cal.App.5th at pp. 826-827.)

9

Madrid and Villa do not dispute Lazar engaged in protected activity under section 425.16. Section 425.16, subdivision (e)(1), provides protected activity includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" and section 425.16, subdivision (e)(2), provides protective activity includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." The activity Lazar identifies— asserting objections to Madrid and Villa's notice of taking his deposition and opposing their motion to compel his deposition— were written statements made in a judicial proceeding and therefore were protected activity.

Madrid and Villa's claim against Lazar, however, did not arise from Lazar's protected activity. Madrid and Villa alleged Lazar negligently hired, retained, or supervised contractors to work on the project.[7] As Madrid and Villa explained in their opposition to Lazar's special motion to strike, they did not sue "Lazar for speech incorporated in his declaration in support of Helio's opposition to the motion to compel. Here, the thrust of [their] cause of action against Lazar is that he, as an owner of the construction project, negligently hired, retained or supervised his contracting business, Defendant Helio Group. . . . Plaintiffs seek to prove that this is why, amongst other reasons, Defendant

---

[7] "California law . . . provides that a person 'who negligently fails to employ a competent and careful *contractor* may be liable for injuries caused by the contractor's failure to exercise due care.'" (*McKenna v. Beesley* (2021) 67 Cal.App.5th 552, 566, fn. 16.)

Venue negligently hired, retained, and/or supervised Defendant Helio Group—Mr. Lazar was financially motivated to take safety shortcuts and hire his own company, on his own timeline, as compared to hiring an independent contracting business that he does not have ownership interest in." Madrid and Villa's claim against Lazar was not based on Lazar's conduct during this litigation.

Lazar acknowledges that, under section 425.16, the plaintiff's claim must "arise from" a defendant's protected activity and that Madrid and Villa's claim does not arise from such activity (or at least, in Lazar's words, does not "ostensibly" arise from protected activity). As Lazar seems to recognize, claims that follow "directly," are "triggered by," or are filed "immediately after" protected activity does not mean the claims arose from that activity. Which is the law: "That a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such. . . . [T]he critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89; see *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76-77 ["the mere fact an action was filed after protected activity took place does not mean it arose from that activity"]; *Iloh v. Regents of University of California* (2023) 94 Cal.App.5th 947, 958 ["for a moving party to meet the 'arising from' burden, 'it is not enough to establish that the action was filed in response to or in retaliation for a party's exercise of the right to petition'"].)

Recognizing the law is contrary to his position, Lazar makes only a prescriptive argument based, not on what the law is, but on what he believes it ought to be. (See Hume, A Treatise of Human Nature, Book 3, Part 1, Section 1 (1739) pp. 469-470

11

[discussing the is-ought problem].)  Lazar argues that, because Madrid and Villa named him as a Doe defendant so soon after the court denied their motion to compel his deposition (what Lazar calls the "unique circumstances" of this case), he should "be protected by section 425.16 to the extent that he would be *if* Plaintiffs' claims were directly based on his petitioning conduct" and that the claim against him "*should be deemed* to arise from his engagement in a protected activity."  But nothing in the circumstances of this case justifies changing the law under section 425.16 (or creating new law for a defendant like Lazar).  Madrid and Villa's claims against Lazar do not arise from protected activity; whether the Legislature should amend section 425.16 to create an exception for a defendant who is named as a Doe defendant after an unsuccessful attempt to take the defendant's deposition is not for us to decide.  (See *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 418 ["[T]he plain language of section 425.16 is to be respected and . . . exceptions to the statute's broad reach must not be lightly implied:  'The Legislature clearly knows how to create an exemption from [section 425.16] when it wishes to do so.'"]; *Urick v. Urick* (2017) 15 Cal.App.5th 1182, 1195 ["it is for the Legislature to create an exception" to section 425.16, even where "[t]here may be valid reasons" for such an exception].)

## DISPOSITION

The order denying Lazar's special motion to strike under section 425.16 is affirmed.  Madrid and Villa are to recover their costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

13